(No. 6200.   October 10, 1934.)

A. P. RAMSTEDT and M. J. FLOHR, Plaintiffs, v. THE CITY OF WALLACE, a Municipal Corporation; EMIL PFISTER, Mayor of Said City of Wallace; L. L. LEIGHTY, City Clerk of Said City of Wallace; and LAWRENCE WORSTELL, D. W. WICKWARD and STANLEY H. FAIRWEATHER, as the Finance Committee of the City Council of Said City of Wallace, Defendants.

[36 Pac. (2d) 772.]

(1)

H. J. Hull, for Plaintiffs.

Walter H. Hanson and F. C. Keane, for Defendants.

HOLDEN, J.—This is an original proceeding to prohibit the city of Wallace from borrowing the sum of $40,000 for repairing and restoring the sewerage system of that city, made practically useless by unprecedented rains and floods, and for the construction of necessary walls along certain streams flowing through said city, for the protection of adjacent property and the sewerage system after restoration.

The city of Wallace is located in a deep valley, at the confluence of the South Fork of the Coeur d'Alene River and Placer Creek. In addition to those streams, three others flow through and under the city. It is admitted that in the spring said streams usually overflow their banks, causing considerable damage to property situated contiguous thereto.

It is also admitted that in the latter part of December, 1933, and extending into the period of the 1934 usual spring rains and floods, the city was visited with rainstorms of

cloud-burst proportions and record-breaking floods, and that those rains and floods were practically continuous from the latter part of December, 1933, until after the first part of July, 1934.

September 6, 1934, the mayor and city council, by appropriate resolution, adopted by the required two-thirds vote, authorized the city of Wallace to borrow the sum of $40,000, for the purposes above stated, upon the notes of the city, and for a period of time not exceeding the close of the next fiscal year.

Plaintiffs concede that "the extraordinary flood which visited Wallace and vicinity, commencing December 20, 1933, was a 'casualty' or 'accident' as those terms are used in section 49–1717, I. C. A.," and plaintiffs also admit that "it is essential to the health and welfare of the citizens of Wallace, that the damaged sewers and the retaining walls constructed to protect those sewers from the erosion of the mountain streams, be promptly repaired and restored."

And the parties are agreed that the only question presented here for determination is: whether the "city of Wallace, having failed to provide in its annual appropriation bill passed June 11th, 1934, for the expenditures necessary to repair and restore the damaged structures, can now, without the sanction of the taxpayers, borrow and expend money to repair such structures under the exceptions contained in Section 49–1717."

The applicable provisions of section 49–1717, I. C. A., are as follows:

"The mayor and council, or board of trustees, shall have no power to appropriate, issue or draw any order or warrant on the treasurer for money unless the same has been appropriated or ordered by ordinance, or the claim for the payment of which such order or warrant is issued, has been allowed according to the provisions of this chapter, and appropriations for the class or object out of which such claim is payable has been made as provided in Section 49–1714. Neither the city council nor board of trustees, nor any department or officer of the corporation, shall add to

the corporation expenditures in any one year anything over and above the amount provided for in the annual appropriation bill for the year, except as herein otherwise specially provided; and no expenditures for an improvement to be paid for out of the general fund of the corporation shall exceed in any one year the amount provided for such an improvement in the annual appropriation bill.

"Provided, however, that nothing contained herein shall prevent the city council or board of trustees from ordering, by two-thirds vote, the repair or restoration of any improvement, the necessity of which is caused by any casualty or accident happening after such annual appropriation is made."

The decisive question, then, plaintiffs having admitted that said floods constituted a "casualty" or "accident," within the meaning of the above-quoted exception, is: did the said "casualty" or "accident" happen before, or after, the city passed its annual appropriation bill on June 11, 1934?

From the record before us, and the admissions of the parties, the rains and floods appearing therefrom to have been continuous, we conclude that the "casualty" or "accident," in question here, occurred *after* the adoption of the annual appropriation bill by the city of Wallace, and that the city may lawfully borrow said amount, in the manner and as provided by said resolution, and for the purposes therein and hereinbefore stated.

Writ denied. Proceeding dismissed.

Givens, J., concurs.

MORGAN, J.—I concur in the conclusion that the writ should be denied and the proceeding dismissed.